166 So.2d 822 (1964)
Johnnie Mae HARVEY a/k/a Johnnie May Foster, Appellant,
v.
The ST. PAUL WESTERN INSURANCE COMPANIES, Inc., Appellee.
No. 63-672.
District Court of Appeal of Florida. Third District.
June 30, 1964.
Rehearing Denied September 10, 1964.
Thomas A. Horkan, Jr., Loewenstein & Dunn, Miami, for appellant.
Sherouse & Corlett and William C. Merritt, Miami, for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
HORTON, Judge.
The appellant was the plaintiff below and is the beneficiary under a group life insurance policy in which one Calvin Foster, *823 now deceased, was the insured and appellee the insurer. The policy was in the amount of $2,000 ordinary life benefits with double indemnity, or an additional $2,000, payable should the insured die by accidental means. Calvin Foster died on October 7, 1961, as the result of a gun shot wound sustained in a fight with one Robert Little. The deceased was the aggressor in the fight and while he was attempting to take a pistol from the possession of Little, the gun went off injuring Foster and resulting in his death. When the appellee refused to pay the double indemnity benefits as a result of Foster's death, the appellant filed this action. The appellee by answer admitted liability under the policy for the ordinary life benefits but denied liability for the double indemnity benefits, contending that the insured did not die by accidental means. Both parties filed motions for summary judgment based upon the deposition of Robert Little and the pleadings. The trial judge granted summary judgment in favor of the appellant for the $2,000 ordinary life benefits but denied recovery to appellant for the double indemnity benefits. This appeal is from that portion of the summary judgment denying the double indemnity benefits.
The appellant relies for reversal upon the case of Gulf Life Insurance Company v. Nash, Fla. 1957, 97 So.2d 4. We conclude that the appellant's reliance is well placed and reverse.
The appellee contends that we should apply the "reasonably forseeable" rule to the particular facts in the case at bar. As we previously stated, the deceased, Foster, was the aggressor in an altercation with Robert Little. Little possessed a firearm. Foster accosted Little and knocked him to the ground. While Little was lying on the ground, he brandished the pistol which he possessed and warned Foster to leave him alone. A scuffle ensued between the two men for possession of the firearm and it went off fatally wounding Foster.
Without going into a discussion of the reasonably foreseeable rule, suffice it to say that the Supreme Court of this state in Gulf Life Insurance Company v. Nash, supra, has rejected that rule and in so doing, said:
"It seems to me that such doctrine of foreseeability is a doctrine totally unsuited and unadaptable in construing accident policies. Moreover, the rationale of these cases seems to be founded not only in the doctrine of foreseeability but intrinsically in negligence on the part of the insured. Were we to make this principle a part of the law of this State, it would not only do violence to the reason for buying accident insurance but if it did not preclude recovery in a great majority of deaths arising from accidents, it would place an almost insurmountable burden on the insured to enforce liability."
The Gulf Life case involved a death resulting from a gun shot wound sustained by Nash who was attempting to play "Russian Roulette" in the presence of a number of persons at a gathering. We fail to see wherein the facts in this case would create such a difference as to require the application of a different rule of law.
Upon the authority of Gulf Life Insurance Company v. Nash, supra, that portion of the summary judgment denying double indemnity benefits to appellant is reversed, and the cause is remanded for the entry of a judgment in favor of the appellant for such benefits, together with reasonable attorney's fees to be determined by the court.
Reversed and remanded with directions.