169 So.2d 170 (1964)
George H. WIGGINTON
v.
LUMBERMENS MUTUAL CASUALTY COMPANY.
No. 6212.
Court of Appeal of Louisiana, First Circuit.
November 16, 1964.
Hammett, Leake & Hammett, New Orleans, for appellant.
Gordon Goodbee, Covington, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
REID, Judge.
This is a suit involving a claim for bodily injury when the insured of defendant, Donald J. Millard, allegedly backed his automobile deliberately into plaintiff's taxicab causing the damages sued on here. Lumbermens Mutual Casualty Company, the insurer of the automobile owned and operated by the said Donald J. Millard, filed an answer denying in general the allegations of plaintiff's petition and particularly denying coverage. It did admit plaintiff had his cab parked in front of the Great Atlantic and Tea Company on the day of the accident.
The suit was a direct action against the insurer and the owner of the car is not a party to the suit. The Lower Court rendered judgment in favor of plaintiff and against the defendant in the amount of $375.00 with legal interest from judicial demand and all costs. Defendant has perfected this appeal from the said judgment.
Defendant sets out as a specification of error that the Court below erred in awarding judgment in favor of plaintiff despite the clear and unambiguous exclusion in defendant-appellant's policy of insurance, despite the unequivocal pleading and testimony by plaintiff himself which places the accident sued upon clearly within the exclusion.
Plaintiff alleges in his petition and so testified that he, a taxicab driver, in Covington, Louisiana between 4:30 and 5:00 P.M. on February 27, 1962 parked his cab in front of Great Atlantic and Tea Company on Vermont Street in Covington to pick up a pay passenger. He further alleged and proved that his passenger, on seeing his approach walked out with purchases and he assisted her in placing them in his cab. At this time she told him she had forgotten an item and went back to get it. At this time the insured of the defendant, *171 Donald J. Millard, yelled to petitioner from his station wagon, parked just in front of the cab, to get out of his way. Plaintiff asked him to wait a minute as his fare was coming back. At that time Millard purposely gunned and raced his motor and backed into plaintiff's 1950 four door Ford cab, slamming the right front door of petitioner's cab against petitioner's left hand. The testimony of plaintiff is corroborated by two witnesses, Mrs. Sylvia King and Mrs. Cindy Stubbs Rogers.
There is no question but what Millard evidently becoming impatient or angry because the cab was parked in the rear of his station wagon backed deliberately into the cab causing plaintiff's injury.
The insurance policy was placed in the record and contains the following exclusion under Part I (b) "to bodily injury or property damage caused intentionally by or at the direction of the insured."
Under the facts disclosed by evidence in this case there is no question but that the injury was caused intentionally by the insured Millard. He knew the cab was back of him and he chose to deliberately back into it.
That portion of the standard form automobile policy of the State of Louisiana which excludes coverage of intentional acts committed by the named insured is clear and unambiguous and in accordance with the dictates of public policy. See Jernigan v. Allstate Insurance Company, 272 F.2d 857 (CA5 1959); Barringer v. Employer's Mutual Liability Insurance Company, La. App., 62 So.2d 173 (CA2 1952).
Plaintiff appellee in his Brief contends that the failure of defendant to call the driver Millard to the Stand to testify as to what his intention was should be construed against him. Appellee contends he proved negligence at the trial but not "intent" of defendant's insured.
In answer to these contentions, we are constrained to observe as noted supra, plaintiff not only alleged defendant's insured purposefully struck him but proved this fact by his own testimony, corroborated by two witnesses called by him. Thus, the evidence shows defendant's insured intentionally inflicted the injuries on plaintiff for which he seeks redress, the liability for which Lumbermens Mutual Casualty Company, defendant, is excluded under its policy of insurance.
For these reasons we conclude that our Learned Brother below erred herein and judgment rendered must be reversed and plaintiff's suit dismissed at its costs.
Reversed and rendered.