248 So.2d 217 (1971)
Raymond CLOUD, Appellant,
v.
SHELBY MUTUAL INSURANCE COMPANY OF SHELBY, OHIO, Appellee.
No. 69-893.
District Court of Appeal of Florida, Third District.
May 18, 1971.
Rehearing Denied June 9, 1971.
Horton & Schwartz, Knight, Underwood, Peters, Hoeveler & Pickle, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Selwood and Edward A. Perse, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and SWANN, JJ.
HENDRY, Judge.
This case has previously been before this court on a jurisdictional point.[1] In the case's present posture, plaintiff-appellant Raymond Cloud seeks review of a summary final judgment favoring defendant-appellee Shelby Mutual Insurance Company of Shelby, Ohio ("Shelby"). Cloud brought action against Shelby for breach of its automobile liability insurance contract to defend him in an automobile negligence suit for personal injuries brought by Mr. and Mrs. Miller.
On September 26, 1966, Cloud, insured under a standard auto liability policy issued by Shelby, impatiently sought to push out of his way a car blocking him in a driveway. His bumper overrode the bumper *218 of the car ahead, and seriously injured Mrs. Miller, a passenger in the pushed car.
The Millers sued Cloud. Shelby declined to defend on the grounds of an exclusion from coverage: "* * * to bodily injury or property damage caused intentionally by or at the direction of the insured * * *" Later Shelby did defend its insured, but subject to a "reservation of rights." Cloud alleges Shelby first secured an order dropping from the Millers' complaint certain claims of simple negligence, which left only claims for gross negligence or intentional tort, while Shelby acted as his counsel, but then Shelby withdrew its defense. After the initial refusal to defend, Cloud hired his own attorneys, incurred costs in defending the Millers' suit, and paid them a $9,980.00 settlement.
Cloud then sued Shelby for damages for breach of its insurance contract to defend the Miller suit and for attorney's fees for prosecution of the suit against Shelby under § 627.0127, Fla. Stat., F.S.A.
The parties stipulated that Cloud did "intentionally push" the Miller car. Cloud alleged he "did not `intentionally cause' injury to the Millers." The trial judge first granted summary judgment for Shelby, denied a petition to rehearing, but then set aside the summary judgment as jury issues were presented. Cloud filed this "protective appeal." The appellate history of the case is set out at note [1].
Appellant Cloud contends that the trial court erred in entering summary judgment for appellee insurance company because the policy exclusion as to intentional causation does not, as a matter of law, exclude coverage. Cloud also asserts that in Florida the "reasonably foreseeable" test of causation so familiar in tort cases has not been applied in cases dealing with accident insurance.
In recent years several courts have dealt with insurance policy exclusions similar to that in the instant case. The majority of courts have ruled that coverage is not excluded as a matter of law where there was an "intentional act" but not an "intentionally caused" injury. "Anno., liability insurance: specific exclusion of liability for injury intentionally caused by insured," 2 A.L.R.3d 1238 (1965). The rule has been stated in 44 Am.Jur.2d "Insurance," § 1411, p. 259 as follows:
"The courts have generally held that injury or damage is `caused intentionally' within the meaning of an `intentional injury exclusion clause' if the insured has acted with the specific intent to cause harm to a third party, with the result that the insurer will not be relieved of its obligations under a liability policy containing such an exclusion unless the insured has acted with such specific intent."
We have carefully examined the two lines of cases representing the majority rule and the minority rule. Cf. Eisenman v. Hornberger, 438 Pa. 46, 264 A.2d 673 (1970) with Wigginton v. Lumberman's Mutual Casualty Co., 169 So.2d 170 (La. 1st Ct.App. 1964). We express the view that the majority rule quoted above represents the better rule and we adopt it as governing the instant case.
The appellee insurance company's contentions as to the public policy against obtaining insurance protecting against the insured's own intentional acts have been systematically rejected in the cases cited in the annotation at 2 A.L.R.3d 1238 (1965). We also reject the argument that the rule is that a "tortfeasor intends the natural and probable consequences of his act" in construing the instant exclusionary provision. This court denied that "reasonably foreseeable consequences" rule has any application to accident insurance policies. Harvey v. St. Paul Western Insurance Companies, Fla.App. 1964, 166 So.2d 822; see also Gulf Life Insurance Company v. Nash, Fla. 1957, 97 So.2d 4.
*219 Therefore, for the reasons stated, we hold that a genuine issue of material fact exists, which precludes the entry of summary judgment.
Reversed.
NOTES
[1] Raymond Cloud filed a "protective appeal" from an adverse summary judgment entered by the circuit court, which summary judgment was later vacated by the lower court. On Cloud's suggestion of lack of jurisdiction, this court dismissed the appeal, Cloud v. Shelby Mutual Insurance Company of Shelby, Ohio, Fla. App. 1969, 227 So.2d 911. Shelby Mutual Insurance Company of sought review of our decision by petition for writ of certiorari, denied Fla. 1970, 237 So.2d 763, and by petition for writ of mandamus, granted sub nom. Shelby Mutual Insurance Company of Shelby, Ohio v. Pearson, Fla. 1970, 236 So.2d 1, quashing Fla.App. 1969, 227 So.2d 911; order on mandate, Cloud v. Shelby Mutual Insurance Company of Shelby, Ohio, Fla.App. 1970, 238 So.2d 460 (vacating prior order and reinstating appeal).