McCORD, Judge.
This is a petition for certiorari to review the circuit court’s affirmance of a summary judgment entered in favor of respondent, State Farm Mutual Automobile Insurance Company by the county court of Bay County.
Petitioner, Robert A. Brown, was insured under an insurance policy issued by respondent which provided for payment of benefits to the insured for total disability resulting from accidental bodily injury. There was no dispute as to the material facts. The only question before the trial court was one of law — the correct principle of law to be applied to the undisputed facts.
At a party at petitioner’s home, petitioner became inebriated and fell on the floor striking his head. Prior to the fall, petitioner had been in an amiable and agreeable mood. Subsequent thereto, his nature changed and he began behaving in an aggressive, violent and dangerous manner, He brandished a .357 magnum pistol which was subsequently hidden from him. He attempted to use a shotgun but could not find shells for it. Ultimately, he found a loaded pistol and pointed it at his brother-in-law while speaking in a threatening manner. The brother-in-law, who had done nothing more aggressive than tell appellant not to kick his wife, in defending himself against this armed assault, drew a pistol and shot appellant. The legal question which evolves from these facts is whether or not the resulting total disability to appellant resulted from accidental bodily injury. The trial court held that it did not and the circuit court affirmed. We find no departure from the essential requirements of law or the commission of any error so fundamental in character as to fatally infect the judgment.
It is our view that insurance coverage for accidental injury is not available to an insured who sustains an injury which was the natural or probable result of his own aggressive assault upon another, reasonably foreseeable by him or by a reasonably prudent person in his position. See 10 Couch on Insurance 2d § 41:185, et seq. This ruling is compatible with this court’s ore-vious ruling in Guaranty Life Insurance Company of Florida, Inc. v. Jackson, Fla. App. (1st), 113 So.2d 256. While the full-basis for the ruling in Guaranty Life is not ^et out in that brief per curiam opinion, it is discussed to some extent in subsequent opinions. There the insured lost his arm in a knife fight between himself and another over a crap game. The factual issue which was presented to the jury under instructions by the court was whether or not the insured or the other party was the aggressor; whether or not the insured’s injury was the result of his own misconduct. The jury resolved the issue in favor of the insured, the trial court entered final judgment and this court affirmed. The correctness of the trial court’s instructions was not an issue on that appeal.
*447 Petitioner has cited Gulf Life Insurance Co. v. Nash, Fla., 97 So.2d 4, contending that there the Supreme Court held the rule of foreseeability not to he applicable in Florida. While the dissenting opinion of Justice E. Harris Drew (which was a majority opinion on the question of whether or not the deceased’s death from a game of Russian roulette was death by accident) might lend itself to a conclusion that he intended to disown the foreseeability doctrine in all cases involving a claim of accidental death or injury, we do not believe the court intended such result under a factual situation such as that presented in the case sub judice — an injury to an insured which was the reasonably foreseeable result of his own aggressive assault upon another with a pistol. We agree with the logic of the U. S. Court of Appeals, 5th Circuit, in its opinion rejecting the contention that such is in all cases the law of Florida in Connecticut General Life Insurance Company v. Breslin, 332 F.2d 928. We have considered Harvey v. St. Paul Western Insurance Company, Fla.App. (3d), 166 So.2d 822, but are not persuaded by it that the Supreme Court has rejected the foreseeability doctrine in all accidental death or injury cases.
Certiorari denied.
SPECTOR, Acting C. J., concurs.
BOYER J., concurs specially.