GARRISON, Judge.
This is an appeal from a judgment of the district court, in favor of plaintiff and against the individual defendant and her insurer. The judgment awards damages in the amount of $12,320.10,[1] plus legal interest and costs, for injuries sustained by him when he was hit twice by a vehicle operated by the defendant, Raquel J. Trumbach and bitten by her. The defendant’s insurer, GEICO, appeals on the ground that Trum-bach’s liability is not covered under the policy because her actions were intentional. The policy contains an exclusion for intentional acts. Trumbach has not appealed and is absent from the jurisdiction. She did not appear for trial.
On the night of the incident, plaintiff and defendant had attended a party in Metairie. The plaintiff drove to the defendant’s home in Gretna and escorted her to a party held by Singles, Inc. and Parents Without Partners, Inc. During the course of the evening, he stated that he wanted to go home and go to sleep as he had to work the next morning. She accompanied some friends to a Fat City bar, “The Place.” Instead of going home, the plaintiff went to Morning Call Cafe, located near Lakeside Shopping Center, where he consumed a cup of coffee. Passing “The Place” he noticed the defendant’s friends’ car. He went into the bar and inquired as to her whereabouts. He was informed that she had taken a cab home. He returned to his car and drove to his residence (one block from the intersection of Robert E. Lee and Canal Blvd.). He parked his car on the street and was walking toward his driveway when the defendant, (who had returned to Gretna, gotten her car, drove to his home, and parked in his carport) drove her unlit automobile toward him at a rapid speed.
She then changed gears, reversed her direction, again driving towards him at a rapid speed and hitting the plaintiff with her vehicle. Once again she changed gears, reversed her direction and hit plaintiff for a second time, knocking him to the ground.
On the third pass, the plaintiff had placed his arm inside the vehicle in an attempt to snatch the keys from the ignition. At this time, the defendant repeatedly bit his arm.
Upon our independent review of the evidence and testimony presented, we conclude that the trier of fact was manifestly erroneous in its conclusion that Raquel Trumbach did not intend to hit and injure the plaintiff.
Plaintiff testified that the defendant often acted erratically when she was drunk. He further testified that she had two or three drinks at the party, which began at 8:00 p. m. There is no testimony or other evidence indicating that defendant did or did not consume alcohol in the hours between the time when defendant left the party and approximately 3:00 to 3:30 a. m., when the tortious incident occurred.
*1008 Having thus concluded that Raquel Trumbach’s tortious acts were indeed intentional, we find that the trial court erred in granting judgment against GEICO, inasmuch as the policy at issue specifically excludes coverage for intentional acts.
For the reasons discussed, the judgment of the district court is affirmed in part and reversed in part as follows:
IT IS ORDERED ADJUDGED AND DECREED that there be Judgment herein in favor of Donald E. Dahl and against Raquel J. Trumbach for the following: for general damages (pain and suffering) $6,000.00; for special damages as follows: impairment of earning capacity $3,000.00; for medical expenses at St. Bernard Medical Center $1,335.75; for medical expenses at St. Bernard General Hospital $1,984.35; all with legal interest and costs.
IT IS FURTHER ORDERED ADJUDGED AND DECREED that there be judgment herein in favor of Government Employees Insurance Co., dismissing plaintiff’s action against it.

AFFIRMED IN PART; REVERSED IN PART.

. General damages (pain and suffering) .$ 6,000.00
Impairment of earning capacity. 3,000.00
Medical Expenses — St. Bernard Medical Center 1,335.75
Medical Expenses — St. Bernard General Hospital . 1,984.35 $12,320.10