Ms. Paula G. Drummond County Attorney Escambia County 28 West Government Street Pensacola, Florida 32501
Dear Ms. Drummond:
This is in response to your request for an opinion on the following question:
 ARE THE REQUIREMENTS OF s 112.19(2)(a), F.S., SATISFIED BY A GROUP INSURANCE PLAN WHICH WILL PROVIDE $20,000 TO THE BENEFICIARIES OF A LAW ENFORCEMENT OFFICER KILLED IN THE PERFORMANCE OF HIS DUTIES?
Your inquiry notes that Escambia County presently has a group insurance plan which provides, at county expense, a $10,000 life insurance provision, and a $10,000 accidental death and dismemberment insurance provision. You also note that the insurance carrier has assured Escambia County that the beneficiaries of a law enforcement officer killed in the line of duty will receive the full amount of both the life insurance and the accidental death and dismemberment insurance. The question has been raised, however, as to whether this coverage meets the requirements of s 112.19(2)(a), or whether Escambia County must make additional and separate arrangements to provide the $20,000 payment required by s 112.19(2)(a).
Section 112.19(2)(a), F.S., provides:
 The sum of $20,000 shall be paid as hereinafter provided when a law enforcement officer, while under 70 years of age and while engaged in the performance of any of the duties mentioned in paragraph (1)(c), is killed or receives bodily injury which results in the loss of his life within 180 days after being received, regardless of whether he is killed or such bodily injury is inflicted upon him intentionally or accidentally, provided that such killing is not the result of suicide and that such bodily injury is not intentionally self-inflicted. Such payment shall be in addition to any workers' compensation or pension benefits and shall be exempt from the claims and demands of creditors of such law enforcement officer. (e.s.)
Subsection (b) provides:
 The employer of such law enforcement officer shall be liable for the payment of said sum and shall be deemed self-insured, unless it procures and maintains, or has already procured and maintains, insurance to secure such payment. Any such insurance may cover only the risks indicated above, in the amount indicated above, or it may cover those risks and additional risks and may be in a larger amount. Any such insurance shall be placed by such employer only after public bid of such insurance coverage which coverage shall be awarded to the carrier making the lowest and best bid. (e.s.)
Note also that s 112.19(1)(a), F.S., provides that, whenever used in that act, the word "employer" means "a state board, commission, department, division, bureau or agency, or a county or municipality," (e.s.) and s 112.19(1)(c) defines the term "law enforcement officer" to mean "a full-time officer, deputy, agent or employee of an employer, whether elected at the polls, appointed or employed, whose duties require him to enforce criminal laws, make investigations relating thereto, apprehend and arrest violators thereof or transport, handle or guard persons arrested for, charged with or convicted of violations thereof." (e.s.) Therefore, the provisions of this statute apply to employers of full-time law enforcement officers, such as Escambia County, and require them to make a $20,000 death benefit payment to the beneficiary(ies), or estate of the deceased officer when a qualifying law enforcement officer is "killed or receives bodily injury which results in the loss of his life within 180 days after being received, regardless of whether he is killed or such bodily injury is inflicted upon him intentionally or accidentally, provided that such killing is not the result of suicide and that such bodily injury is not intentionally self-inflicted."
Thus you ask whether the coverage presently carried by Escambia County that is described above would meet the $20,000 death benefit payment requirement of s 112.19(2), F.S. For the following reasons your question is answered in the negative.
The statute makes the county liable for and requires it to pay death benefits to law enforcement officers as therein defined in the sum of $20,000 for loss of life arising or resulting from the risks therein prescribed, unless the county procures and maintains insurance to secure such liability and payment. Any such insurance procured or maintained by the county may cover only the statutorily defined risks in the amount of $20,000 or it may cover additional risks and may be in a larger amount than the statutorily prescribed risk and amount. The county's group insurance plan you have described does not provide the sum of $20,000 for death benefits and the risks as defined in and required by s 112.19(2), F.S., nor does it provide for accidental death and dismemberment benefits in the sum of $20,000. The $10,000 life insurance coverage provided by the county's group insurance plan would, in my opinion, constitute an additional risk to those described in s 112.19(2) and such life insurance benefits or payment would be in addition to the $20,000 death benefit payment required by and within the contemplation of s 112.19(2). The county's group insurance plan, therefore, does not satisfy the requirements of s 112.19(2), F.S.
Additionally, the $20,000 death benefit payment required by s112.19(2), F.S., must be made whether death results from intentional or accidental means (except for a suicide or intentionally self-inflicted bodily injuries) and regardless of whether the law enforcement officer is killed or a mortal bodily injury is inflicted upon him "intentionally or accidentally." (e.s.) One of the insurance coverages described by your letter (the accidental death and dismemberment benefits) pays only in the event of accidental death and presumably would not pay in the event of an intentional killing or death resulting from bodily injury which was inflicted intentionally. See, s 624.602(1), F.S. (1982 Supp.) defining "life insurance" as "insurance of human lives," and additionally providing that the transaction of life insurance includes the granting of "additional benefits in event of death or dismemberment by accident or accidental means." (e.s.) See also, Roberson v. United Services Auto Assoc., 330 So.2d 745
(1 D.C.A. Fla., 1976) (defining an accident as "something which happens by chance and without design, it is an event from an unknown cause"); see generally, Appleman, Ins. Law and Practice, "Accidents", s 360, p. 444 et. seq.; see also, Life Ins. Co of Georgia v. Thomas, 210 S.E.2d 250 (Ga.App. 1974); compare, Harvey v. St. Paul Western Ins. Companies, Inc., 166 So.2d 822 (3 D.C.A. Fla., 1964).
Therefore, until clarified by the Legislature, it is my opinion that a county group life insurance plan which provides at county expense $10,000 life insurance coverage and an additional $10,000 accidental death and dismemberment insurance benefit, does not meet the requirements of s 112.19(2), F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General