593 So.2d 385 (1991)
Eldridge T. WILLIAMS
v.
Lionel DIGGS and Champion Insurance Co.
No. CA 90 2077.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
Robert B. Butler, III, Houma, for plaintiff and appellant Eldridge Williams.
Denis J. Gaubert, III, Thibodaux, for defendant Louisiana Ins. Guar. Ass'n.
Frank J. Gremillion, Baton Rouge, for defendants and appellees Lionel Diggs and Champion Ins. Co.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
This appeal involves a suit for personal injuries filed by plaintiff, Eldridge T. Williams. The issues presented on appeal are whether the trial court erred in concluding that defendant, Lionel Diggs, intentionally injured plaintiff by hitting him with a vehicle driven by Diggs, and whether an intentional injury exclusion in an automobile liability insurance policy violates the public policy behind the Louisiana compulsory insurance law, La. R.S. 32:861 et seq.

FACTS
On May 10, 1988, plaintiff and Lionel Diggs, together with others, were participants in a card game at the residence of a third person. In the course of the game, plaintiff and Diggs began quarreling over plaintiff's accusation that Diggs' nephew was telling Diggs the cards plaintiff had. A third person intervened to break up the altercation. After telling plaintiff "[w]ait until I come back", Diggs departed in his car. At this point, plaintiff also left and began walking home to the nearby trailer park where he lived. As he walked down the gravel lane of the trailer park, he heard a car approaching behind him. After turning and recognizing Diggs' car, plaintiff continued walking, moving a little further over onto the grass beside the lane. He then heard the car speed up, turned and saw the car coming onto the grass straight at him. As plaintiff was struck by the car and bounced against the windshield, he saw that Diggs was the driver of the car. As a result of the impact, plaintiff sustained injuries to his back, neck, right shoulder and left knee, as well as multiple lacerations.
Despite the overwhelming evidence to the contrary, Diggs denied hitting plaintiff with his car. He testified that plaintiff *386 threw a beer bottle at his car and that this is what caused the damage to the windshield of his car which was noted by the police officer who investigated this incident. Diggs stated that plaintiff's arm might have hit his windshield as plaintiff leaned over to throw the bottle. As a result of this incident, Diggs was arrested and ultimately pled guilty to aggravated battery.[1]
On December 21, 1988, plaintiff filed a suit for damages against Diggs and his automobile liability insurer, Champion Insurance Company. Plaintiff later amended his petition to name the Louisiana Insurance Guaranty Association (LIGA) as an additional defendant, due to the fact that Champion had become insolvent and gone into receivership. LIGA denied coverage for plaintiff's injuries on the basis of an intentional injury exclusion contained in the policy issued to Diggs.
Following a bench trial, the trial court rendered judgment in favor of plaintiff and against Diggs in the amount of $17,703.85, plus costs and legal interest. Additionally, the trial court rendered judgment in favor of LIGA, dismissing plaintiff's demand against it on the basis that the intentional injury exclusion in the Champion policy precluded coverage. Plaintiff now appeals from the dismissal of its suit against LIGA.

ISSUES
1. Whether the trial court erred in holding that the plaintiff's injuries were "bodily injury ... caused intentionally" by the named insured, Lionel Diggs, within the meaning of the intentional injury exclusion in the Champion policy.
2. Whether the Louisiana Compulsory Insurance Law requires coverage in the minimum amount set forth therein, ($10,000.00), regardless of whether the injury was intentionally caused within the meaning of the intentional injury exclusion in Diggs' automobile liability policy.

ISSUE ONE
The insurance policy at issue in this case specifically excluded coverage for "bodily injury ... caused intentionally by or at the direction of any insured". When denying coverage under a policy exclusion, the insurer bears the burden of proving the applicability of the exclusion asserted. Fisher v. Morrison, 519 So.2d 805 (La.App. 1st Cir.1987). On appeal plaintiff argues that LIGA did not meet this burden of establishing that the injuries sustained by plaintiff were intended by Diggs so as to preclude coverage under the exclusionary provision of the Champion policy. We do not agree.
Resolution of the issue of whether Diggs intentionally injured plaintiff is largely a matter of credibility. While noting the conflicting testimony presented, the trial court concluded that "the incident was a totally intentional act on the part of the defendant [Diggs]." In concluding that Diggs intentionally hit plaintiff with his car, the trial court obviously rejected Diggs' version of events. It is also implicit in the trial court's judgment that it found that Diggs intended plaintiff to suffer the injuries he sustained, since the exclusion applied by the court specifically requires that the injury, and not merely the act causing the injury, be intentional.
An appellate court can not disturb a trial court's findings of fact in the absence of manifest error. Where there is conflicting testimony, reasonable evaluations of credibility and reasonable inferences of facts should not be disturbed, even though the appellate court may feel its own evaluations and inferences are as reasonable. When the trial court's factual findings are based upon its credibility determinations, the manifest error rule demands that great deference be accorded the court's findings since the trial court personally observed the witnesses' demeanor while testifying. Rosell v. Esco, 549 So.2d 840, 844 (La. 1989).
We find no manifest error in the trial court's findings of fact in this case, which were largely based on its credibility evaluations. Our review of the record indicates that Diggs' testimony, as well as being contradicted by both the physical evidence and plaintiff's testimony, is in itself devoid of credibility. Also, it can not be argued *387 seriously that Diggs, who deliberately sped up his car and drove it straight at plaintiff, did not intend for plaintiff to suffer injuries of the nature and degree which he did in fact sustain. We believe it was obvious that such injuries were substantially certain to result from the action of hitting a pedestrian with a car.

ISSUE TWO
By its express terms, the insurance policy at issue in this case excludes coverage for injuries intentionally inflicted by the insured. Nevertheless, plaintiff contends the trial court erred in applying this exclusion to preclude coverage herein because he contends this exclusion violates the requirements of the Louisiana Motor Vehicle Safety Responsibility Law, La.R.S. 32:851 et seq. Under this law, every motor vehicle registered in this state, with limited exceptions, must be covered by an automobile liability policy insuring the named insured and anyone using the vehicle with his permission against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of the vehicle. La.R.S. 32:861 A(1) and 32:900 B(2). This coverage must be in at least the amount of $10,000.00 per person and $20,000.00 per accident. La.R.S. 32:900 B(2).
The purpose of the compulsory insurance law is to provide compensation for persons injured by the operation of motor vehicles registered in this state, rather than to protect the owner or operator of the vehicle from liability. Louisiana Farm Bur. Cas. Ins. v. Darjean, 554 So.2d 1376, 1377 (La. App. 1st Cir.1989), writ denied, 558 So.2d 571 (1990); Rudison v. Richard, 526 So.2d 369, 371 (La.App. 4th Cir.1988). Plaintiff argues that an exclusionary clause such as the one in the present case should be considered invalid as against this public policy, at least as to the minimum amount of coverage required by law.
It is true, as maintained by plaintiff, that the public policy of providing compensation to victims injured by motor vehicles is a strong one and has been applied by the courts of this state a number of times to strike down as invalid certain exclusionary clauses in automobile liability policies. However, when considering an intentional injury exclusion in an automobile liability policy, another well-established public policy must also be given consideration. This is the policy against allowing a person to insure himself against his own intentional acts causing injury to others. See, Lowe & Sons v. Great American Surplus, 572 So.2d 206, 210 (La.App. 1st Cir.1990); McBride v. Lyles, 303 So.2d 795, 799 (La. App. 3d Cir.1974); Baltzar v. Williams, 254 So.2d 470, 472 (La.App. 3d Cir.1971). The rationale for this prohibition is to forbid the extension to the insured of a license to intentionally injure others with impunity and still fall under the coverage of his insurance policy.
Weighing these two policies, we conclude that an intentional injury exclusion such as the one in the present case does not violate public policy. We do not believe the Legislature intended to mandate coverage for such injuries in view of the strong policy against allowing persons to insure themselves against liability for injuries they intentionally inflict. See, Snyder v. Nelson, 278 Or. 409, 564 P.2d 681 (1977) (motor vehicle financial responsibility law was not intended by legislature to require coverage in liability insurance policies for intentionally inflicted injuries).
In fact, on several prior occasions the courts of this State have applied such exclusionary clauses to deny coverage under automobile liability policies for intentionally inflicted injuries. In Wigginton v. Lumbermens Mutual Casualty Company, 169 So.2d 170, 171 (La.App. 1st Cir.1964), the insured became impatient with a taxi driver blocking the insured's exit while waiting for a passenger and deliberately backed his vehicle into the taxi, which injured the taxi driver. The insured's liability policy contained an exclusionary clause with language almost identical, in pertinent part, to that involved in this case. This Court reversed the judgment of the trial court in favor of plaintiff and found that there was no coverage under the policy because of the intentional actions of the insured in causing these injuries. In applying this exclusionary clause to preclude coverage, this Court stated:
That portion of the standard form automobile policy of the State of Louisiana *388 which excludes coverage of intentional acts committed by the named insured is clear and unambiguous and in accordance with the dictates of public policy. 169 So.2d at 171 (emphasis added)
Accord, Dahl v. Trumbach, 404 So.2d 1006 (La.App. 4th Cir.), writ denied, 407 So.2d 750 (1981) (applied an intentional act exclusion in an automobile liability insurance policy to preclude coverage for the plaintiff's injuries); Areaux v. Maenza, 188 So.2d 633 (La. 4th Cir.1966) (intentional injury exclusion precluded coverage under an automobile liability insurance policy); Also see, W. McKenzie & A. Johnson, 15 Louisiana Civil Law TreatiseInsurance Law and Practice § 77 (1986).
Accordingly, we find that the trial court did not err in applying the intentional injury exclusion in this case.

CONCLUSION
For the reasons assigned, the judgment of the trial court is affirmed. Plaintiff-appellant is to bear the costs of this appeal.
AFFIRMED.
NOTES
[1] Diggs was originally charged with attempted murder.