da la HOUS SAYE, Judge.
This is an appeal from a lower court decision granting a summary judgment in favor of the defendants herein.
On August 3, 1973, a collision occurred between a 1967 Volkswagen automobile and a 1964 Oldsmobile on Florida Boulevard at its intersection with Melrose in the City of Baton Rouge, Louisiana. The Volkswagen was being driven by Edward Frank Cop, Jr., who was an employee of John Anderson doing business as Foreign Car Repair and who allegedly was in the course and scope of his employment at the time of the accident. Edward, Jr. is the minor son of Edward Frank Cop, Sr., who was not involved in the accident and who is admittedly not in the automobile business.
Suit was brought by Mrs. Meyers and Mrs. Leet who were in the Oldsmobile and their husbands against Edward Frank Cop, Sr., Edward Frank Cop, Jr., John Anderson, Government Employees Insurance Company and State Farm Mutual Insurance Company. State Farm Mutual Insurance Company was alleged to have the uninsured motorist coverage on the automobile owned by Mrs. Leet. Government Employees Insurance Company was alleged to have coverage on an automobile owned by Edward Frank Cop, Sr. who was not involved in the accident.
A motion for summary judgment was filed on behalf of Government Employees Insurance Company based upon the following policy provision:
This policy does not apply under part one (liability) :
(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in (1) the automobile business of the insured or of any other person or organization, (2) any other business or occupation of the insured, but this exclusion (h) (2) does not apply to a private passenger automobile operated or occupied by the named insured or by his private chauffeur or domestic *884 servant or a trailer used therewith or with an owned automobile;
The Trial Court granted the motion for summary judgment and plaintiffs herein together with State Farm Mutual Automobile Insurance Co., their uninsured motorist insurer, now bring this appeal.
Appellants contend that the trial court was in error because of non-application of the severability clause contained in the policy in question. This clause provides that:
The insurance offered under Part I (liability) applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more that one insured shall not operate to increase the limits of the company’s liability.
Appellants concede that Edward Cop, Jr., the driver of the Volkswagen, is excluded from coverage because of the above quoted exclusionary clause. It is their contention however that Edward Cop, Sr. must be extended coverage by Government Employees Insurance because of LSACC 2318 which makes him vicariously liable for his minor son’s torts.
The severability clause, appellants argue, must be applied separately to each insured and not with regard only to the occurrence. It follows therefore that appellants’ position is predicated upon the premise that Cop, Sr. was not operating the subject vehicle under business conditions therefore making the exclusionary clause inapplicable to him.
Defendant-appellee conversely argues that the exclusion applies to anyone whose liability arises out of the use of the automobile by any person in the automobile business. Restated, appellee argues that if Cop, Sr. is liable for any negligence on the part of Cop, Jr. then this liability arises from an automobile accident for which coverage is excluded.
Our examination of the policy in question leads us to the same result as that of the lower court. The exclusionary clause contained therein specifically states that the policy does not apply to “a non-owned automobile while maintained or used by any person while such person is employed . in (1) the automobile business of the insured or of any other person.
While we fully appreciate appellants’ logic, it appears too obvious that there is no coverage provided to anyone when an automobile is being used in an automobile business. It is the prohibited use which results in the exclusion, therefore the sev-erability clause cited above has no application herein.
Accordingly, the judgment of the lower court is affirmed and all costs of this appeal are to be borne by appellants.
Affirmed.