385 So.2d 916 (1980)
John D. WALLACE, III, Plaintiff,
v.
BOYTE ENTERPRISES, INC., et al., Defendants-Appellants and Appellees.
No. 14194.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1980.
Hayes, Harkey, Smith & Cascio by Joseph D. Cascio, Jr., Monroe, for defendant-appellant Empire Fire and Marine Insurance Co.
*917 Davenport, Files, Kelly, Marsh & Graham by William G. Kelly, Jr., Monroe, for defendants-appellees Boyte Enterprises, Inc. and Home Indemnity Co.
Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Judge.
Issues of liability insurance coverage are raised by this appeal, and answer to the appeal, from a judgment partially granting and partially denying a motion and counter-motion for summary and/or declaratory judgment. Parties to this phase of the litigation are Empire Fire and Marine Insurance Company, liability insurer of MTM Trucking Service, Inc., and Home Indemnity Company, liability insurer of Boyte Enterprises, Inc., and Boyte. Each of these parties is a defendant, along with other parties, in a damage suit brought by plaintiff Wallace who allegedly was injured when he was run over by a truck owned by B. T. Moore or MTM and driven by John Gentry, a regular or general employee of Moore/MTM.
The truck and driver were furnished by Moore/MTM to Boyte under an arrangement whereby Boyte paid Moore/MTM on an hourly basis for the use of the truck and driver. Boyte, in turn, was using or furnishing the truck and driver to haul and deliver materials to a construction site where the accident happened, under an arrangement with Red Rock Construction Company.
Home and Boyte filed a motion for summary and/or declaratory judgment seeking a declaration that: (1) Boyte is an insured of Empire under the policy issued to MTM; (2) Empire owes Boyte a defense; and (3) Empire is Boyte's primary insurer and as such is obligated to pay any judgment in favor of plaintiff against Boyte, subject only to its limits of liability.
Empire filed a counter-motion for summary and/or declaratory judgment seeking: (1) rejection of the claims and demands of Home and Boyte; (2) judgment declaring Boyte excluded from coverage under the Empire policy; (3) alternatively, that Empire's policy be declared excess insurance over the policy of Home; (4) alternatively, that Empire and Home be declared co-insurers, each providing equal primary coverage up to their respective limits of liability; (5) alternatively, that Home and Empire be declared to provide coverage on a pro rata basis; and (6) that Empire be declared to have no responsibility to afford Boyte a defense.
Judgment was rendered decreeing that: (1) the relief sought by Home and Boyte be denied; (2) Boyte and its employees are excluded from coverage under the Empire policy issued to MTM; (3) Empire does not have any obligation to defend Boyte; (4) neither Moore nor MTM, nor any employee thereof, is covered by the insurance policy issued by Home to Boyte; (5) the insurance afforded in each of the named policies as excess insurance is offsetting; and (6) all other claims for relief prayed for by Empire be pretermitted pending trial on the merits.
Empire appealed and Home and Boyte answered the appeal. We find no error in the judgment and affirm.
On appeal Empire contends: (1) the trial court correctly denied all relief sought by Home and Boyte; (2) the trial court correctly declared that Boyte and its employees are excluded from coverage under Empire's coverage; (3) the trial court correctly ruled Empire does not owe Boyte a defense; (4) the trial court erred in declaring that neither Moore/MTM nor any employee thereof is covered by Home's policy; (5) the trial court erred in declaring the insurance afforded in each of the policies as excess insurance is offsetting; and (6) the trial court erred in failing to declare that Home provides primary coverage to Boyte, Moore/MTM, and Gentry and that Empire provides excess coverage to its named insured only.
Home contends: (1) the trial court correctly ruled that Home does not provide coverage to either Moore/MTM or to its employees; and (2) the trial court erred in ruling that the employees of Boyte are excluded from coverage under the Empire policy issued to MTM.
*918 As it relates to the issues presented, Empire's policy contains the following exclusion or exception to the coverage generally afforded to its named insured and other persons using the insured's vehicles with the insured's permission and consent:
"In consideration of the premium charged for the policy to which this endorsement is attached, it is understood and agreed that no coverage is extended to any person, firm or organization using the automobile, or legally responsible for the use of the automobile, pursuant to any lease, contract of hire, bailment, rental agreement or any similar contract or agreement either written or oral, expressed or implied, the terms and provisions of the policy notwithstanding, except that this limitation does not apply to the insured named in Item 1 of the declarations of this policy.
"In the event the automobile insured by this policy is being used or maintained pursuant to any lease, contact of hire, bailment, rental agreement or any similar contract or agreement, either written or oral, expressed or implied, the insurance afforded the NAMED INSURED shall be EXCESS INSURANCE over any other insurance."
The Home policy contains the following exception or exclusion to the general coverage afforded to the named insured and any other person while using an owned or hired automobile with the permission of the named insured:
"None of the following is an insured:
"... (ii) the owner or lessee (of whom the named insured is a sub-lessee) of a hired automobile or the owner of a non-owned automobile, or any agent or employee of any such owner or lessee;..."
The trial court correctly denied the relief sought by Home and Boyte. Under the exclusion contained in Empire's policy, no coverage is granted to "any" person, firm or organization using or responsible for the use of a scheduled vehicle under a lease or similar arrangement, except Empire's named insured, MTM. The exclusion obviously applies to Boyte and no coverage is afforded to Boyte. It follows that no defense is owed by Empire to Boyte. Empire is not obligated to pay any judgment against Boyte, either as primary or excess insurer.
Although neither party prayed for judgment declaring that Moore/MTM is either included in or excluded from Home's coverage, the judgment declares that Moore/MTM is excluded. The exclusion in the Home policy of the owner of a hired vehicle is clear and excludes Moore/MTM. The Home policy does not contain inconsistent provisions, as contended by Empire, any more than does the Empire policy. Each contains express exclusions or exceptions to the general provisions of coverage.
In rejecting Home's demands and in holding that Empire does not afford coverage to Boyte or owe Boyte a defense, the district court granted all of the relief sought by Empire in the main demand contained in its motion for summary judgment. Empire's other demands that Empire's policy be declared excess to that of Home, that Empire and Home be declared co-insurers providing equal primary coverage to their respective limits, and that Empire and Home be declared to provide coverage on a pro rata basis, are all set forth as alternative demands in the event Empire was found to provide coverage to Boyte. It would seem that it was unnecessary to deal with Empire's alternative demands since its main demands were granted. However, the district court held that the excess clauses were offsetting and Empire complains of this ruling on appeal, so the issue is before us.
Each policy respectively provides that the coverage afforded the insured under that policy is excess over any other insurance. Since the Empire policy does not afford insurance coverage to Boyte and the Home policy does not afford insurance coverage to MTM, neither Boyte nor MTM is afforded "other insurance" so as to trigger the applicability of the excess insurance clauses. Each insurer affords primary coverage to its named insured and no insurance, *919 excess or primary, to the insured of the other company. Consequently, the excess insurance provisions do not come into play, are not applicable, or, as stated in the judgment, are offsetting.
Although neither party prayed for judgment relating to coverage of the named insured's employees, the judgment mentions the named insured's employees. Home contends that the judgment should not have stated that Boyte's employees are excluded from the Empire policy coverage. Empire contends that the judgment should not have stated that MTM's employees are excluded from the Home policy coverage. We find no error in this respect. The "any person" exclusion in the Empire policy would necessarily include, but not be limited to, Boyte and Boyte's employees. The Home policy specifically excludes the owner of a hired automobile and the owner's employees. The Empire policy does not provide coverage to Boyte's employees, as such, and the Home policy does not provide coverage to MTM's employees, as such.
This may leave unresolved the question of whether Empire affords coverage to Gentry, the driver of the truck, as a general employee of Moore/MTM, and whether Home affords coverage to Gentry as a special employee of Boyte. See LeJeune v. Allstate Insurance Co., 365 So.2d 471 (La. 1978). These questions need not be resolved at this time because they are not posed by the pleadings and because the precise facts relating to Gentry's employment status and the respective arrangements between Moore/MTM, Boyte, and Red Rock are not fully developed or disclosed on this motion for summary judgment. Further, the questions may have no significance in the progress or outcome of this litigation.
The judgment of the district court is affirmed. Costs of the appeal are assessed one-half to Empire and one-half to Home and Boyte.
Affirmed.