STOKER, Judge.
This is a suit for personal injuries and property damages brought by Cheryl Y. Jones and John W. Jones, a brother and sister. The damage claimed grows out of an automobile accident which occurred in the City of Alexandria on July 15, 1978. Several parties were sued, but the only defendant left in the case and involved in this appeal is State Farm Mutual Automobile Insurance Company (State Farm). The plaintiffs settled and compromised their claims against all others and entered into an agreement in which they reserved their rights against State Farm Mutual Automobile Insurance Company.
The principal issue in the case is whether or not the plaintiffs lost their rights against State Farm Mutual Automobile Insurance Company through the release of the other defendants, and alternatively, whether or not the policy of automobile insurance issued by State Farm fails to cover the particular incident involved.
FACTS
According to plaintiffs’ petition the accident occurred when defendant, Kenny Hunter, drove a 1968 Chevrolet automobile on Wise Street in Alexandria. In turning onto Vance Avenue, he struck a 1975 Suzuki motorcycle driven by John W. Jones and owned by Cheryl Y. Jones. It is alleged that the motorcycle was completely demolished and that John W. Jones received serious injuries.
The 1968 Chevrolet automobile driven by Kenny Hunter was owned by one George Rue. It was alleged that the George Rue automobile, the 1968 Chevrolet automobile, was insured by Allstate Insurance Company. (This allegation was apparently in error and the actual insurer of the Rue vehicle was Commercial Union Insurance Company.) It was alleged that State Farm had issued a policy of automobile insurance to Kenny Hunter. State Farm answered admitting the accident and issuance of the policy to Kenny Hunter, but it generally denied any liability and specifically alleged that at the time of the accident its insured, Kenny Hunter, was engaged in the automobile business of servicing and repairing automobiles and was test driving the George Rue vehicle. Therefore, State Farm takes the position that since the George Rue vehicle was insured by another insurer which was the primary insurer, State Farm did not cover Kenny Hunter’s liability under the circumstances. In addition to this defense, State Farm raised the defense of contributory negligence on the part of plaintiff John W. Jones. State Farm filed a motion for summary judgment on the basis of its lack of coverage. George Rue filed an exception of no right or cause of action. The trial court overruled the motion for summary judgment filed by State Farm but sustained the exception of no cause of action filed on behalf of George Rue.
*436 On March 24, 1980, the plaintiffs entered into a compromise settlement and agreement with Commercial Union Insurance Company and released George G. Rue, Kenny Hunter, and Commercial Insurance Company from all claims in connection with the accident for the sum of $1,125.00. In the compromise settlement agreement, plaintiffs reserved their rights as against State Farm Mutual Automobile Insurance Company. State Farm then amended its answer to specifically plead the release executed by the plaintiffs as a bar of the right of plaintiffs to recover in this action against State Farm.
On March 26, 1980, the plaintiffs’ suit against all defendants except State Farm was dismissed. On April 10, 1980, the trial against State Farm took place. Following trial the district court ruled from the bench. In oral reasons the judge granted judgment in favor of the defendant, State Farm Mutual Automobile Insurance Company. Judgment was signed on April 14,1980, and on April 15, 1980, the plaintiffs filed an application for a new trial. On July 28, 1980, plaintiffs moved for and were granted a devolutive appeal to this court.[1]
Prior to trial as noted above, State Farm filed a supplemental and amending answer in which it specifically pleaded the defense grounded on the release of the co-defendants. In that supplemental and amending answer, State Farm alleged that Commercial Union Insurance Company was the primary insurer of Kenny Hunter. Although the petition alleges that Allstate Insurance Company was the insurer of the George Rue automobile, attached to the motion for summary judgment filed by State Farm is an affidavit by George Rue in which he states that he obtained his insurance through the assigned risk plan and that he was advised it was written by Commercial Union Assurance Company. Along with the State Farm policy there was filed in evidence a copy of what purports to be a family combination automobile policy issued by Commercial Union Insurance Company in favor of George G. Rue.
LIABILITY
When the trial began counsel for State Farm offered to stipulate that Kenny Hunter was guilty of negligence in connection with the accident. Plaintiffs’ counsel, however, insisted upon calling the investigating officer and indicated his intention to offer evidence as to fault on the part of Kenny Hunter. Under the circumstances, counsel for State Farm withdrew its stipulation. At the end of the trial, the trial court made a ruling from the bench. In its ruling, the court held that the case against State Farm should be dismissed for the reason that Commercial Union was the primary insurer and State Farm was the excess insurer and the damages did not exceed the limits of $5,000 specified in the Commercial Union policy.
In the slightly more than one page brief filed on behalf of plaintiff-appellants, counsel has addressed solely the question of liability or fault of Kenny Hunter and the damages which plaintiffs sustained. We feel that the record adequately establishes that Kenny Hunter was at fault, and perhaps the trial judge was of that opinion. However, under his ruling the question of fault on the party of Kenny Hunter was actually immaterial insofar as State Farm was concerned.

Effect of compromise and release.

Appellee recognizes that an injured party may settle and compromise claims against one or more solidary obligors and legally reserve all rights against all other solidary obligors. Futch v. Fidelity & Casualty Co., 246 La. 688, 166 So.2d 274 (La.1964) and Wirick v. Wyble, 300 So.2d 571 (La.App. 3rd Cir. 1974). Defendant-appel-lee relies, however, on the principle that the cited cases apply only where claims of the plaintiffs exceed the limit of liability of the primary coverage. In this case the total demand of the two plaintiffs amounted to $3,177.00 which was below the limits of the coverage afforded by Commercial Union Insurance Company.
*437 In addition to the above defense, State Farm relies upon a policy exclusion (Exclusion h) under the liability provisions of its policy. Under that exclusion the policy does not apply to a non-owned automobile while it is maintained or used by any person while such person is employed or otherwise engaged in the automobile business of the insured or any other person or organization. In the case before us the Rue vehicle was being used in the automobile business of Kenny Hunter and therefore was excluded under the provision relied upon. Meyers v. Government Employees Ins. Co., 303 So.2d 882 (La.App. 1st Cir. 1974), writ refused, 307 So.2d 369 (La.1975).
For either of the two reasons set forth above, we believe the trial court was correct in dismissing the claims of plaintiffs against State Farm Mutual Automobile Insurance Company. Therefore, the trial court judgment will be affirmed.
AFFIRMED.

. On August 7, 1980, the district court overruled the application for a new trial.