554 So.2d 1376 (1989)
LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, Partial Subrogee to the Rights of/and Barry Orgeron and Rachelle G. Orgeron
v.
John F. DARJEAN, Jr., American National Property & Casualty Company, Ceferino Costello and Southern Security Insurance Company.
No. 88 CA 1420.
Court of Appeal of Louisiana, First Circuit.
December 19, 1989.
Writ Denied March 9, 1990.
T. Michael Masterson, Porteous, Hainkel, Johnson & Sarpy, Thibodaux, for plaintiff-appellant Louisiana Farm Bureau Cas. Ins. Co., Barry Orgeron, Rachelle G. Orgeron.
C.J. Cheramie, Cheramie & Smith, Cut Off, for defendant-appellee John F. Darjean, Sr.
Charles M. Ponder, Hulse, Nelson & Wanek, New Orleans, for defendant-appellee American Nat. Property and Cas. Co.
Diane K. O'Hara, Law Offices of Stephen Mogabgab, New Orleans, for defendant-appellee *1377 American Nat. Property and Cas. Co., John F. Darjean, Sr. and John F. Darjean, Jr.
Kevin J. Webb, Henderson, Hanemann & Morris, Houma, for defendant-appellee Southern Sec. Ins. Co., Ceferino Costello.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment granting defendants' motions for summary judgment.

FACTS
On August 6, 1985, John Darjean, Jr., an employee of John's Body Shop, was delivering an automobile owned by Ceferino Costello to his father's repair shop when he struck an automobile owned by Barry Orgeron and driven by Rachelle Orgeron. At the time of the accident, the Costello vehicle was insured by Southern Security Insurance Company (Southern), John Darjean, Jr. had coverage under an automobile liability policy issued to John Darjean, Sr. by American National Property and Casualty Company (American), and the Orgeron vehicle was insured by Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau).
Farm Bureau paid for the property damages to the Orgeron vehicle under the collision provisions of its policy. Thereafter, on July 30, 1986, Farm Bureau, as partial subrogee of the Orgerons' rights, filed the instant suit to recover its collision payments and the Orgerons' deductible against American, Southern, and their insureds. American and Southern subsequently filed motions for summary judgment. In support of their motions, American and Southern contended that their policies expressly excluded coverage of bodily injury or property damage resulting from any type of automobile business operation, including a repair shop business. After a hearing, the trial court granted American's and Southern's motions for summary judgment and dismissed Farm Bureau's demands. From this adverse judgment, Farm Bureau appealed, contending that the trial court erred in granting American's and Southern's motions for summary judgment. Farm Bureau reasoned that the "automobile business" exclusion clauses contained in policies are contrary to the public policy of the state and that, as such, the American and Southern policies should afford coverage.
By joint motion of Farm Bureau and American, Farm Bureau voluntarily dismissed its devolutive appeal against American. The issues raised herein only address Farm Bureau's action against Southern.

POLICY PROVISIONS AND PUBLIC POLICY
Louisiana's Motor Vehicle Safety Responsibility Law, LSA-R.S. 32:851 et seq., encompasses this state's compulsory motor vehicle liability security provisions as well as the state's financial responsibility provisions. The compulsory motor vehicle liability security provisions require an owner of a motor vehicle to purchase or provide a liability bond, a certificate of self-insurance, or a policy of liability insurance in specified amounts as a prerequisite to registering a motor vehicle under state law. LSA-R.S. 32:861-865; Fields v. Western Preferred Casualty Co., 437 So.2d 344 (La.App. 2nd Cir.1983), writs denied, 440 So.2d 528, 754 (La.1983). Financial responsibility laws have similar monetary requirements, but are not prerequisites to vehicle registration and apply only after an accident has occurred. LSA-R.S. 32:871-910; Fields v. Western Preferred Casualty Co., supra. The purpose of the compulsory law is not to protect the owner or the operator against liability, but to provide compensation for persons injured by the operation of insured vehicles. Fields v. Western Preferred Casualty Co., supra.
LSA-R.S. 32:861A(1), which sets forth compulsory liability coverage requirements, provides that "[e]very self-propelled motor vehicle registered in this state ... shall be covered by an automobile liability policy with liability limits as defined by R.S. 32:900(B)(2)." LSA-R.S. 32:900B(2) provides that an owner's or operator's policy of liability insurance "[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle ... with the express or implied *1378 permission of such named insured," subject to certain statutory limits. (Emphasis added).
The issue on appeal is whether an "automobile business" exclusion violates these statutory provisions and the legislature's intent for compulsory omnibus coverage in all automobile liability policies. Our brethren of the Fourth Circuit recently addressed this issue in Rudison v. Richard, 526 So.2d 369 (La.App. 4th Cir.1988). The court in Rudison determined that, by making reference to and including LSA-R.S. 32:900B(2) as part of the compulsory law, the legislature intended to include as insureds, not only those persons named in the policy, but also any other person who uses the vehicle with permission of the owner, regardless of the type of use. The court determined that the policy exclusion conflicted with the statutory mandate of the compulsory laws in that it excluded coverage for a certain group who drive the insured's vehicle with permission of the insured and who fall within the definition of those engaged in an "auto business." As such, the court in Rudison held that the exclusion was against public policy and that the insurance policy afforded coverage.
In the instant case, the Southern policy provided, in pertinent part, as follows:
The insurance with respect to any person or organization other than the named insured or such spouse does not apply:
(1) to any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any accident arising out of the operation thereof.
After reviewing the compulsory law and the relevant jurisprudence, we conclude that the Southern policy exclusion conflicts with the compulsory law in that it attempts to exclude coverage for persons engaged in "a repair shop" business who operate the insured's vehicle with his permission.[1] The statutory provisions mandating compulsory insurance for all drivers who use the insured's vehicle with his permission must prevail over policy exclusions which conflict with that statute. Cf. Jones v. Henry, 542 So.2d 507 (La.1989).
For the above reasons, the trial court judgment upholding the policy exclusions, granting Southern's motion for summary judgment, and dismissing Farm Bureau's suit is reversed. The case is remanded to the trial court for further proceedings consistent with the views expressed herein. Southern is cast for all costs.
REVERSED AND REMANDED.
SAVOIE, J., agrees with the result.
NOTES
[1] Southern correctly points out that, notwithstanding the Compulsory Motor Vehicle Liability Security Law enacted by Acts 1977, No. 115, several Louisiana cases have upheld exclusions for various classifications or designations of persons. However, the cases cited by Southern are easily distinguishable. The issue in those cases dealt with contract interpretation, and the issue of whether the exclusion was contrary to or violative of the compulsory liability law was not raised. See Sampay v. Morton Salt Company, 482 So.2d 752 (La.App. 1st Cir.1985), writ granted, 488 So.2d 684 (La.1986), appeal dismissed, 496 So.2d 315 (La.1986); Jones v. Allstate Insurance Company, 395 So.2d 434 (La. App. 3rd Cir.1981); Wallace v. Boyte Enterprises, Inc., 385 So.2d 916 (La.App. 2nd Cir.1980); Meyers v. Government Employees Ins. Co., 303 So.2d 882 (La.App. 1st Cir.1974), writ denied, 307 So.2d 369 (La.1975). Compare Washington v. Stephens Leasing, Inc., 540 So.2d 433 (La.App. 1st Cir.1989); Dickerson v. Boom, Inc., 532 So.2d 814 (La.App. 4th Cir.1988), writ denied, 533 So.2d 378 (La.1988); Friday v. Mutz, 483 So.2d 1269 (La.App. 4th Cir.1986).