| gFOIL, Judge.
At issue in this case is whether the Louisiana Compulsory Motor Vehicle Liability Security Law’s requirement that an automobile policy provide coverage to a named insured supercedes a liability insurance policy endorsement which excludes one named insured from coverage, where the exclusion agreement was entered into between the insurer and another named insured on the policy. The trial judge found the exclusion invalid and refused to enforce it. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
This tort litigation arises from an automobile accident which occurred on July 30, 1996. Plaintiff, Jacqueline Knockum, was a guest passenger in a vehicle owned by Lloyd Dandridge, III, and operated by Rochelle Garnett. She filed this suit seeking damages against Preston Lewis, the driver of the other vehicle involved in the collision, and American Global Insurance Company (American), which issued an automobile liability policy covering the vehicle driven by Preston Lewis.
In its answer, American denied coverage, asserting that Preston Lewis executed a “Named Driver Exclusion Agreement” and therefore, was not covered under the policy of insurance issued by American. American also filed a motion for summary *1291 judgment on the coverage issue based on the execution of the “Named Driver Exclusion Agreement” by Debra Lewis, Preston’s wife, which excluded Preston Lewis from coverage under the policy. Attached to the motion for summary judgment was the application for insurance completed by Debra Lewis and the exclusion agreement. In the application dated November 2,1995, Debra Lewis responded affirmatively when asked whether there was anyone in her household that she wished to exclude from coverage, namely, her husband.
The policy in question lists both Preston Lewis and Debra Lewis as named insureds. American’s “Named Driver Exclusion Agreement” contains the following language: “[i]n consideration of the premium charged, it is agreed we will not provide coverage or defend or pay for any claim arising out of an |3accident or loss which occurs while any vehicle insured under this policy is driven with or without your permission by” Preston Lewis. The policy set forth that Preston Lewis was to be excluded because he had never been licensed. The policy further states: “[t]he undersigned, the named insured in this policy, hereby consents and agrees to this amendment to the policy.” In the blank for the “Named insured’s signed Acceptance” appears only the signature of Debra Lewis.
American also introduced the deposition of Debra Lewis in which she attested she clearly understood after speaking with her insurance agent there would be no coverage for her husband and she was the only person insured on the policy. In his deposition, Preston Lewis acknowledged he was not a licensed driver at the time his wife purchased insurance on the vehicle, ñor was he licensed at the time of the accident. He stated he was aware his wife was going to apply for the insurance policy in question, but could not recall going with her. Preston Lewis attested that he did not think he was insured under the policy; rather, he believed only his wife had insurance.
Plaintiff filed a motion for partial summary judgment, averring that the policy, as a matter of law, provided coverage for any damages she sustained as a result of the liability of Preston Lewis. In brief, plaintiff argued the mandatory coverage provisions of the Louisiana Compulsory Insurance Law superceded a liability insurance policy endorsement which excludes coverage for a named insured.
The trial judge found the exclusion to be invalid and granted partial summary judgment on the insurance coverage question in favor of plaintiff. This appeal, taken by American, followed. On August 19, 1998, pursuant to a joint agreement of all of the parties, the trial judge entered judgment designating the granting of plaintiffs partial motion for summary judgment and the denial of American’s motion for summary judgment as a final judgment for the purpose of an immediate appeal pursuant to La.Code Civ.P. art. 1915B(1).
J^DISCUSSION
This court reviews summary judgments de novo under the same criteria that governs the trial judge’s consideration of whether a summary judgment is appropriate. Robertson v. Northshore Regional Medical Center, 97-2068, p. 5 (La.App. 1 Cir. 9/25/98), 723 So.2d 460, 463. A motion for summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
On the coverage issue presented to this court, the facts are undisputed. This court is asked to decide whether, as a matter of law, an insurer may deny coverage to a named insured who did not enter into a written agreement with the insurer to be excluded from coverage.
The compulsory insurance law, specifically La.R.S. 32:861, requires every motor *1292 vehicle registered in this state, with limited exceptions, to be covered by an automobile liability policy as defined by La.R.S. 32:900. La.R.S. 32:900 B(2) states that each policy “[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle ... with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle.... ”
The purpose of the compulsory insurance law is to provide compensation for persons injured by the operation of motor vehicles registered in this state, rather than to protect the owner or operator of the vehicle from liability. Williams v. Diggs, 593 So.2d 385, 387 (La.App. 1st Cir. 1991). While insurance companies may limit coverage of the policies they issue, minimal liability coverage is controlled by statute and any provision in a compulsory liability policy that conflicts with a statutory provision will be overridden and superceded by the statute. See Edwards v. Automotive Casualty Insurance Company, 92-151, p. 3 (La.App. 3 Cir. 3/2/94), 634 So.2d 1278, 1280, writ denied, 94-0804 (La.5/6/94), 637 So.2d 1055.
American contends, and the trial judge agreed, that the compulsory insurance law authorizes the exclusion of a named insured from coverage. La.R.S. 32:900 L creates an exception to La.R.S. 32:900 B(2)’s definition of which individuals must be afforded mandatory coverage on a liability policy. La.R.S. 32:900 L states: “[notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.”
American posits that all of the statutory requirements for the exclusion from coverage are met in this case. Preston Lewis, it points out, is a named person who is residing in the same household as the named insured who effectuated the exclusion, Debra Lewis. An insurer, American, and an insured, Debra Lewis, executed the agreement. Thus, American contends that as all of the statutory requirements for excluding Preston Lewis from coverage under La.R.S. 32:900 L have been met, the exclusion should be upheld.
On the other hand, appellant contends La.R.S. 32:900 L does not authorize the exclusion of a named insured by another named insured. Appellant contends this provision merely creates a limited exception to the requirement of omnibus coverage for permissive users.
We need not decide at this time whether La.R.S. 32:900 L authorizes an insurer to exclude a named insured from .coverage under the policy. In finding the exclusion invalid, the trial judge concluded there was no written agreement as required by La. R.S. 32:900 L between Preston Lewis and American to exclude Preston Lewis from coverage. We agree.
American urges that the written agreement entered into between Debra Lewis and American should be sufficient to exclude Preston Lewis from coverage, contending that Debra Lewis had authority to act as Preston Lewis’ agent in entering into the agreement. American also relies on the case of Safeway Insurance Company v. Johnson, 28,150 (La.App. 2 Cir. 1/24/96), 666 So.2d 1300, wherein the court held that the only named insured on an automobile liability policy could effectuate the exclusion of her step-daughter from coverage under the policy. The policy defined “insureds” as all members of the named insured’s household. The court did not believe the legislature intended to require the written consent of each insured, as defined under a policy, as such would necessitate the signatures of at least every household member, even those not yet licensed to drive. The court concluded that the named insured, who acts on behalf of all other insureds in procuring insurance, should be allowed to exercise the statutory exclusion option.
However, this case is clearly distinguishable: in Safeway, the only named insured *1293 on the policy effectuated the exclusion. Here, American attempted to obtain the exclusion of one named insured by entering into an agreement with another named insured on the policy. We find nothing in the jurisprudence supporting American’s argument. Furthermore, American’s own exclusion form clearly provided for acceptance of the exclusion by the named insured to be excluded from coverage.
Therefore, we conclude that if La. R.S. 32:900 L authorized the exclusion of a named insured by written agreement, the named insured to be excluded from coverage must be a party to that written agreement. Since American did not enter into a written agreement with Preston Lewis to exclude Preston Lewis from coverage, it failed to comply with the threshold requirement of La.R.S. 32:900 L, and the exclusion cannot be validated under that provision.
American also relies on the case of Smyre v. Progressive Security Ins. Co., 98-518 (La.App. 5 Cir. 12/16/98), 726 So.2d 984, writ denied, 99-0139 (La.6/4/99), 745 So.2d 14. At issue in that case was whether the owner of a vehicle who purchased La-bility insurance and/or the named insured on a Lability policy could exclude himself or herself from coverage. The appellate court upheld the exclusion, finding that such was not prohibited by the compulsory insurance law or public policy. The Smyre case did not involve one named insured excluding another named insured from coverage, and the |7rationale employed by the court in that case is inapplicable to the facts of this case.
Accordingly, we find La.R.S. 32:900 B(2)’s requirement that the policy provide coverage to Preston Lewis overrides an agreement between the insurer and another named insured on the policy to exclude Preston Lewis from coverage. Therefore, the American policy is reformed to provide coverage to Preston Lewis in the minimum amount required by the compulsory insurance law.
CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, American Global Insurance Company.
AFFIRMED.