758 So.2d 848 (2000)
Kelvin JASPER
v.
PROGRESSIVE INSURANCE COMPANY, et al.
No. 99-1479.
Court of Appeal of Louisiana, Third Circuit.
February 9, 2000.
*849 Robin L. Jones, Clyde R. Simien, Rickey W. Miniex, Simien & Miniex, Lafayette, Louisiana, Counsel for Plaintiff/Appellant.
Ian A. Macdonald, Lafayette, Louisiana, Counsel for Defendants/Appellees.
(Court composed of Judge NED E. DOUCET, Chief Judge, Judge BILLIE COLOMBARO WOODARD, and Judge MICHAEL G. SULLIVAN).
WOODARD, Judge.
Ms. Ruth Malveaux rear-ended a vehicle which Mr. Kelvin Jasper, Sr., was driving. Mr. Jasper was operating an uninsured vehicle owned by another person. We are asked to decide if he must forfeit the first $10,000.00 of his personal injury claim, based on the provisions of La.R.S. 32:866 A(1), which require such forfeiture in these circumstances.
On December 20, 1998, Mr. Charles A. James owned a 1997 Mitsubishi Galant. He did not have liability insurance on it. Mr. James loaned the car to his son-in-law, Mr. Jasper. Mr. Jasper had no liability insurance covering himself or the Galant. On that date, Ms. Malveaux struck Mr. Jasper in the rear of the Galant, allegedly causing him personal injuries.
Mr. Jasper filed suit, for personal injuries arising out of the accident, against Ms. Malveaux and her insurer, Progressive Insurance Company (Progressive). Ms. Malveaux and Progressive answered the suit and asserted an affirmative defense that, as Mr. Jasper was operating an uninsured vehicle at the time of the accident, they were statutorily entitled to a $10,000.00 credit against any judgment for personal injuries awarded to him. Ms. Malveaux and Progressive then moved for summary judgment, or, alternatively, declaratory judgment as to their entitlement to the credit. Mr. Jasper filed a motion for summary judgment, urging that the forfeiture provisions of La.R.S. 32:866 were not applicable to him because he was not the vehicle's owner at the time of the accident.
The trial court heard the motions on May 17, 1999. It orally granted Ms. Malveaux's and Progressive's motion and denied Mr. Jasper's. Mr. Jasper appeals.
At the outset, we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court's consideration of whether or not summary judgment was *850 appropriate.[1] Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[2]
La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the moving party's supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake.[3] Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover.[4] Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains.[5] After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment.[6] Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts.[7]
Facts are material if they determine the outcome of the legal dispute.[8] The determination of the materiality of a particular fact must be made in light of the relevant substantive law.[9]
The substantive law which is relevant to this case is found in La.R.S. 32:866 A(1), La.R.S. 32:1(44), and La.Civ.Code arts. 9 and 13. La.R.S. 32:866 A(1) limits the recovery of the owner or "operator" of an uninsured vehicle as follows:
There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damages based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
(Emphasis added.) Regarding this statute, La.R.S. 32:1(44) defines an "operator" as "every person other than a chauffeur, who drives or is in actual physical control of a motor vehicle upon a highway or who is exercising control over or steering a vehicle being towed by a motor vehicle." Our Civil Code requires this court to apply the law as written as long as it will not lead to absurd consequences[10] and to interpret *851 laws on the same subject matter with reference to each other.[11]
The material facts are not in dispute: namely, that Mr. Jasper was the "operator" of an uninsured vehicle, at the time of the accident.
We find that the application of La. R.S. 32:866 A(1) in this case does not lead to absurd consequences when interpreted with La.R.S. 32:1(44). The legislature has decided that an "operator" of an uninsured vehicle involved in an accident must forfeit the first $10,000.00 of his claim. The law is obviously designed to encourage those who borrow vehicles to ensure that the vehicle which they are operating is covered by insurance before driving it. Mr. Jasper's appeal is without merit and is perilously close to being frivolous. We assess him with the costs of this appeal.
AFFIRMED.
NOTES
[1] Schroeder v. Board of Sup'rs of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979.
[2] La.Code Civ.P. art. 966(B).
[3] Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.
[4] Id.
[5] Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882.
[6] Id.
[7] Id.
[8] Soileau, 702 So.2d 818.
[9] Id.
[10] La.Civ.Code art. 9.
[11] La.Civ.Code art. 13.