Gloria **ATKINSON**

v.

John A. **BOYNE**, et al.

No. CIV. A. 01–0113.

United States District Court,
E.D. Louisiana.

Aug. 10, 2001.

Scott Eric Silbert, William Gregory Merritt, Silbert & Garon, LLP, New Orleans, LA, for plaintiff.

Thomas Joseph Eppling, Jeffrey E. Combes, Staines & Eppling, Metairie, LA, for defendants.

## ORDER AND REASONS

DUVAL, District Judge.

Before the Court is a Motion for Judgment on the Pleadings filed by defendants John A. Boyne and Travelers Indemnity Company of Illinois ("Travelers"). Plaintiff filed a Petition for Declaratory Judgment on January 12, 2001 seeking an order from this Court that the "No Pay, No Play" provisions of La.Rev.Stat. 32:861, et seq., and particularly La.Rev.Stat. 32:866 are applicable to a non-resident of Louisiana and as such are unconstitutional. These statutes exclude recovery for the first $10,000 in property damage and the first $10,000 in bodily injury damages by the owner of a motor vehicle who fails to "maintain compulsory motor vehicle liability security." In plaintiff's prayer for relief, plaintiff seeks in the alternative, a finding that La.Rev.Stat. 32:866 has no application to plaintiff's claims. In the subject motion, defendants seek a declaration that the statute is applicable and constitutional. The Court has reviewed the pleadings, memoranda, the relevant statutes and the law. The Court finds that the motion is without merit as it finds that pursuant to the plain language of the statute, read in the context of the statute as a whole, these provisions are not applicable to a motor vehicle that is not registered in this state.

### Background

For purposes of this motion, the facts are not contested. Plaintiff alleges that she sustained personal injuries and property damage in a motor vehicle accident within this state and district on September 1, 2000. She was allegedly rear ended by a truck driven by defendant John A. Boyne and insured by defendant Travelers. Plaintiff's car, which she was driving at the time of the accident, was registered in Mississippi, her home state. Plaintiff carried no liability insurance on her vehicle, which she contends, was not required by Mississippi law. Based on the provisions of La.Rev.Stat. 32:861 et seq., and more specifically, La.Rev.Stat. 32:866, Travelers denied plaintiff's claim for personal injury and property damage below the statutory threshold of $10,000.00 for each category.

### Analysis

#### Standard for Judgment on the Pleadings

A party may move for judgment on the pleadings under Fed.R.Civ.P. 12(c) af-

ter the pleadings are closed and when doing so would not delay the trial. Such a motion is appropriate where a judgment on the merits can be rendered by examining the substance of the pleadings and any judicially-noticed facts. *Butler v. Nance,* 2001 WL 671745 (N.D.Tex. June 12, 2001) *citing Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.,* 914 F.2d 74, 76 (5th Cir.1990). A Rule 12(c) motion is reviewed using the same standard employed under Rule 12(b)(6). Thus, a court must construe the plaintiff's complaint in the light most favorable to the plaintiff and take the factual allegations contained therein as true. *Butler* at *2 *citing Mitchell v. McBryde,* 944 F.2d 229, 230 (5th Cir.1991); *Mann v. Adams Realty Co., Inc.,* 556 F.2d 288 (5th Cir.1977). As the facts are not contested for the purposes of this motion, the Court will examine the issue of whether La.Rev.Stat. 32:866(D) applies to the case at bar.

### Rules of Statutory Construction

The threshold question, based on these facts, is whether La.Rev.Stat. 32:866(D) is applicable to preclude Gloria Atkinson from recovering for damages below the $10,000 threshold for personal injury and property damages respectively. The Louisiana Civil Code provides certain rules for the statutory construction of Louisiana laws. The Code requires a court to apply the law as written as long as it will not lead to absurd consequences. La. Civ. Code art. 9; *Jasper v. Progressive Ins. Co.,* 99–1479 (La.App. 3 Cir.2/9/00), 758 So.2d 848, 851. Furthermore, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. Civ.Code art. 13.

With these tenets in mind, the Court will now turn to the language of the applicable statutes.

### Compulsory Motor Vehicle Liability Security

Section 866(D) of the Compulsory Motor Vehicle Liability Security law provides as follows:

> D. Each person who applies for a driver's license, registers a motor vehicle, or operates or owns a motor vehicle in this state is deemed to have given his consent to be subject to and governed by the provisions of this Section.

La.Rev.Stat. 32:866(D). Based on this language, defendants maintain that Gloria Atkinson comes under the ambit of this law's requirement because she was operating a car in Louisiana. However, this interpretation disregards the very definition of "compulsory motor vehicle liability security" as set forth in the section 861.

Section 861 states in relevant part:

### § 861. Security required

A. (1) Every self-propelled motor vehicle **registered in this state,** . . ., shall be covered by an automobile liability policy with liability as defined by R.S. 32:900(B)(1) [1] . . .

Thus, by the clear, unambiguous language of the statute, the security is required only for those motor vehicles **registered** in the State of Louisiana. A person can be "deemed" to comply only with the requirement of the law. The law only requires security for cars registered in this state. Section 866 cannot so redefine the parameter of the law; such a reading leads to the absurd result of removing the registration requirement from the law.

---

**1.** This section requires a minimum insurance coverage of $10,000 with respect to personal injury and $10,000 as to property damage.

 If a person is "operating" a motor vehicle in this state, the car he or she is operating must be "registered" in Louisiana in order for the compulsory law to apply. Thus, had Ms. Atkinson, a Mississippi resident, been driving a car **registered** in Louisiana and she did not have the necessary insurance, then the "no pay, no play" provisions would apply. However, under the facts of this case, the car she was driving was not registered in Louisiana. These provisions are inapplicable.

Indeed a number of Louisiana state court decisions underscore the fact that this law's focus was cars **registered** in Louisiana. As stated in *Williams v. Diggs,* 593 So.2d 385 (La.App. 1st Cir. 1991):

> The purpose of the compulsory insurance law is to provide compensation for persons injured by the operation of motor vehicles registered in this state, rather than to protect the owner or operator of the vehicle from liability. *Louisiana Farm Bur. Cas. Ins. v. Darjean,* 554 So.2d 1376, 1377 (La.App. 1st Cir. 1989), *writ denied,* 558 So.2d 571 (1990); 558 So.2d 571 (1990); *Rudison v. Richard,* 526 So.2d 369, 371 (La.App. 4th Cir.1988).

*Id.* at 387. *See Williams v. U.S. Agencies Cas. Ins. Co., Inc.,* No. 33200 (La.App. 2nd Cir.5/15/00), 758 So.2d 1010, 1013 (compulsory insurance law requires that every motor vehicle registered in this state, with limited exceptions, be covered by an automobile liability policy); *Knockum v. Lewis,* 98-2575 (La.App. 1st Cir.12/28/99), 747 So.2d 1289, 1292.

Based on the foregoing, the Court finds that La.Rev.Stat. 32:866(D) is inapplicable to Gloria Atkinson as the car she was operating was not registered in Louisiana, and the Motion for Judgment on the Pleadings filed by defendants must be denied. This finding effectively grants Gloria Atkinson the relief she sought in her Declaratory Judgment and renders moot any consideration with respect to the constitutionality of the statute. Accordingly,

**IT IS ORDERED** that the Motion for Judgment on the Pleadings is **DENIED.**

**IT IS FURTHER ORDERED** that judgment be entered in favor of plaintiff Gloria Atkinson and against John A. Boyne and the Travelers Indemnity Company of Illinois this Court finding that La.Rev.Stat. 32:866 has no application to plaintiff's claims.