LPER CURIAM.
FACTS
Relators, plaintiffs Anna and Billy Martin, Mississippi domiciliaries, filed suit against Special Risk Insurance, Inc., St. Tammany Fire Department, District No. 1 Volunteer Association, and Matthew R. Miller, seeking damages arising out of a motor vehicle collision which occurred on February 7, 2000. Anna Martin was injured in Slidell, Louisiana, when a fire truck operated by Miller and owned by the St. Tammany Fire Department hit the vehicle Anna was operating. Miller was alleged to be in the course and scope of his employment and was allegedly operating the vehicle with the fire department’s consent. Special Risk is the insurer of the fire department and/or Miller.
Defendants answered and filed a recon-ventional demand. Defendants then filed a motion for partial summary judgment, contending that relators are governed by La. R.S. 32:866(A)1, the “no pay, no play” rule. Under that rule, defendants contend that relators are precluded from recovering the first $10,000 of bodily injury and/or property damages because they had no liability insurance on their vehicle on or before February 7, 2000. There is no dispute that plaintiffs automobile was registered and/or licensed in Mississippi and that Mississippi did not require automobile liability insurance on or about February 7, 2000.
The court granted defendants’ partial motion for summary judgment, ruling that, “In the event that judgment is ultimately rendered adverse [to] defendant and in favor of plaintiffs, recovery of the first $10,000 of bodily injury and/or the first $10,000 of property damages is BARRED and will not be exigible or considered in calculation of judicial interest.”
DISCUSSION
Relators contend that the provisions of La. R.S. 32:866 do not apply to them because they were Mississippi residents on February 7, 2000 and Mississippi did not compel its residents to maintain motor vehicle liability security on their vehicles. Defendants contend that La. R.S. 32:866 applies to all persons who operate a motor vehicle in Louisiana, regardless of the state of residence, citing La. R.S. 32:866D.
| ^Louisiana Revised Statute 32:866 states, in pertinent part:
A. (1) There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
[[Image here]]
D. Each person who applies for a driver’s license, registers a motor vehicle, or operates or owns a motor vehicle in this state is deemed to have given his consent to be subject to' and governed by the provisions of this Section. All persons who apply for the issuance or renewal of a driver’s license, motor vehi *1237 cle title, or motor vehicle registration shall sign a declaration on a form developed by the Department of Public Safety and Corrections pursuant to rule and regulation that the person acknowledges and gives consent to the requirements and provisions of this Section and that the person will comply with all provisions of this Section and the Motor Vehicle Safety Responsibility .Law. Proof of whether the person obtained or signed such declaration is irrelevant to the application of this Section.
(emphasis added).[1]
Louisiana Revised Statute 32:861 states, in part:
A. (1) Every self-propelled motor vehicle registered in this state except those motor vehicles used as agricultural or forest vehicles during seasons when they are not used on the highway, those used primarily for exhibit or kept primarily for use in parade's, exhibits, or shows, and lease-bound mobile rig haulers as defined in Subsection D of this Section, shall be covered by an automobile liability policy with liability limits as defined by R.S. 32:900(B)(2) or 900(M), or a binder for same, or by a motor vehicle liability bond as defined by Subsection B of this Section, or by a certificate of the state treasurer stating that cash or securities have been deposited or securitized with said treasurer as provided by Subsection C of this Section, or by a certificate of self-insurance as provided by R.S. 32:1042.
(2) It shall be the duty of the registered owner of a motor vehicle to maintain the security hereinabove required. Failure to maintain said security shall subject the registered owner to the sanctions hereinafter provided in Sections 863, 864, and 865 of this Part.
The amendment, 2001 La. Act No. 227, which added La. R.S. 32:861E to cover vehicles registered in other states, reads, in pertinent part, as follows:
|4(1) The owners of motor vehicles registered in other states or jurisdictions that require liability security shall maintain the security and proof thereof as required by their respective states or jurisdiction while the vehicle is operated in this state.
(2) Failure to comply with the requirements of this Subsection shall subject the owner and the operator to the sanctions which are provided in R.S. 32:57 and limitations on recovery of damages provided for in this part. Owners and operators of any motor vehicle in violation of this Subsection shall be subject to limitation of recovery as provided for in R.S. 32:866.
(emphasis added).
The amendment does not apply in this case because Mississippi did not require liability insurance at the time of this accident.
In Atkinson v. Boyne, 178 F.Supp.2d 670, 671-672 (E.D.La.2001), the federal court held that the “no pay, no play” statute did not apply to a car registered in Mississippi which had no liability insurance (which was not required by Mississippi law at that time) which was involved in an accident in Louisiana. “A person can be ‘deemed’ to comply only with the requirement of the law. The law only requires security for cars registered in this state. *1238 Section 866 cannot so redefine the parameter of the law; such a reading leads to the absurd result of removing the registration requirement from the law.” 178 F.Supp. at 672. The court referred to Louisiana jurisprudence to note that the compulsory insurance law's purpose is to provide compensation for persons injured by the operation of motor vehicles registered in this state, rather than to protect the owner or operator of the vehicle from liability. Id.
Louisiana Revised Statute 32:866A(1) refers to operators of motor vehicles who fail to maintain compulsory motor vehicle liability security, while La. R.S. 32:866D refers to each person who operates a motor vehicle in this state as deemed to having given his consent to be subject to the provisions of “this Section.” As applied in this case, the nonresident motor vehicle operator is giving his consent to be governed by the compulsory motor vehicle security law, which does not cover a nonresident who is not registering a vehicle in the state, but instead is registering a vehicle in a state which does not require compulsory liability insurance.
| .CONCLUSION
Therefore, we find that the trial court erred in granting the partial motion for summary judgment. While La. R.S. 32:866 applies to every vehicle registered in the state, absent from this statute (and from the Compulsory Motor Vehicle Safety Law as it read at the time of the accident) is any requirement that a nonresident motorist must also maintain minimum and/or compulsory insurance with respect to the operation of his or her vehicle. The argument that the driver would fall under La. R.S. 32:866 because she is driving a car in Louisiana disregards the definition of compulsory motor vehicle liability security as set forth in La. R.S. 32:861 as it read at the time of the accident. The clear, unambiguous language of La. R.S. 32:861 prior to its amendment required security only of those motor vehicles registered in the state of Louisiana. Therefore, this writ is granted and made peremptory, and the judgment of September 4, 2001 is reversed at defendants’ costs.
WRIT GRANTED.

. Louisiana Civil Code article 14 states, "Unless otherwise expressly provided by the law of this state, cases having contacts with other states are governed by the law selected in accordance with the provisions of Book IV of this Code.” Louisiana Revised Statute 32:866D as set forth above says that its provisions govern persons who operate motor vehicles in this state. Therefore, we will apply Louisiana law without a conflict-of-law analysis.